# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EASTER,<br><br>              Petitioner,<br><br>     v.<br><br>FRED FOULK,<br><br>              Respondent. | Case No.  1:14-cv-00732-SAB-HC<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL<br><br>(ECF No. 34) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On May 27, 2014, Petitioner declined to consent to Magistrate Judge jurisdiction, and the case was assigned to District Judge Lawrence J. O'Neill and Magistrate Judge Stanley A. Boone. (ECF No. 7).   However, when the Court issued another order regarding consent in connection with directions to Respondent to respond to the petition, Petitioner returned a signed "Order Re Consent or Request for Reassignment" on July 31, 2014, in which he consented to Magistrate Judge jurisdiction.  (ECF No. 16).  Respondent consented to Magistrate Judge jurisdiction on July 28, 2014.  (ECF No. 15).  Thus, as both parties had consented to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final

1

1  judgment. On October 8, 2014, Judge O'Neill reassigned the case to this Court for all purposes

2  within the meaning of 28 U.S.C. § 636(c) and to conduct any and all further proceedings in the

3  case. (ECF No. 23).   On August 28, 2014, Respondent filed his answer to the petition. (ECF

4  No. 19). On December 29, 2014, Petitioner filed his traverse. (ECF No. 28). On January 29,

5  2015, the undersigned denied the petition and declined to issue a certificate of appealability, and

6  judgment was entered. (ECF Nos. 29 & 30).

7       On March 16, 2015, Petitioner filed a document entitled, "Objections to Magistrate's

8  Order Denying Petition for Writ of Habeas Corpus." (ECF No. 31).   On the same date,

9  Petitioner also filed a motion for extension of time to file objections. (ECF No. 32). On March

10  27, 2015, the Court construed Petitioner's objections as a motion for reconsideration pursuant to

11  Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion for reconsideration.

12  (ECF No. 33).  On April 20, 2015, Petitioner filed a motion to extend the time to appeal and a

13  late notice of appeal. (ECF No. 34).

14                                              **II.**

15                                         **DISCUSSION**

16       **A.  Time for Filing a Notice of Appeal**

17       Petitioner did not file his notice of appeal within the time prescribed by Federal Rule of

18  Appellate Procedure 4(a)(1)(A), which provides that:

19          In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and
20          4(c), the notice of appeal required by Rule 3 must be filed with the
            district clerk within 30 days after entry of the judgment or order
21          appealed from.

22       The present case is a civil action and none of the exceptions in Federal Rule of Appellate

23  Procedure  4(a)(1)(A)  apply except for 4(c), so Petitioner had to file his notice of appeal by

24  depositing it in the institution's internal mail system within 30 days after entry of judgment. See

25  Federal Rule of Appellate Procedure 4(c) ("If an inmate confined in an institution files  notice of

26  appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's

27  internal mail system on or before the last day for filing."). Federal Rule of Appellate Procedure

28  4(a)(1)(B) does not apply to the instant case because the Respondent in this case is a state official

                                                2

1    and not the United States, a United States employee or official, or a United States agency.

2    Federal Rule of Appellate Procedure 4(a)(4) does not apply here because Petitioner did not

3    timely file one of the motions listed.  Federal Rule of Appellate Procedure 4(a)(4) states that "the

4    time to file an appeal runs for all parties from the entry of the order disposing of the last such

5    remaining motion" of the motions listed in that Rule which include a motion to alter or amend

6    the judgment under Rule 59 and a motion for relief under Rule  60 if the motion is filed no later

7    than 28 days after entry of the judgment.

8         In the March 27, 2015 order denying Petitioner's motion for reconsideration, the Court

9    had construed Petitioner's objections as a motion for reconsideration pursuant to Rule 60 of the

10   Federal Rules of Civil Procedure.  (ECF No. 33).  The Court determined that Petitioner had

11   placed both the objections (ECF No. 31) and the motion for extension of time to file objections

12   (ECF No. 32) in the prison mail system on March 9, 2015, and therefore, the objections were

13   deemed filed as of March 9, 2015.[1]  (ECF No. 33).

14        Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a

15   judgment must be filed no later than 28 days after the entry of the judgment."  Judgment in this

16   action was entered on January 29, 2015.  (ECF No. 30).  Therefore, as the Court previously

17   determined in its March 27, 2015 order, Petitioner did not timely file a motion for

18   reconsideration pursuant to Rule 59(e), because his motion for reconsideration that was deemed

19   filed March 9, 2015, was not filed within 28 days after the entry of the judgment.  (ECF No. 33).

20   The Court could not extend the time to file a Rule 59(e) motion because Federal Rule of Civil

21   Procedure 6(b)(2) provides that "[a] court must not extend the time to act under Rules … 59(b),

22   (d), and (e), and 60(b)."  Although the Court determined that Petitioner's objections should be

23

24   [1] Although Petitioner certified in his objections that he deposited his objections in the mail on February 17, 2015, the document was not filed in this Court until March 16, 2015, the same date that Petitioner's motion for an extension of

25   time to file his objections was filed in this Court.  (ECF Nos. 31 & 32).  Petitioner certified that he placed the motion for extension of time to file objections in the mail on March 9, 2015.  (ECF No. 32).  In his motion for extension of

26   time to file objections, Petitioner stated that he "has been unable to gain access to the prison law library to make copies of his objections to the Magistrate's order denying petition for writ of habeas corpus" and he requested an

27   extension until "now."  (ECF No. 32).  It appears to the Court that Petitioner mailed both the objections and the motion for extension of time to file the objections at the same time on March 9, 2015.  Therefore, the Court finds

28   that the objections should be treated as though they were placed in the prison mail system on March 9, 2015, and pursuant to the mailbox rule, filed on March 9, 2015.

1  construed as a motion for relief under Federal Rule of Civil Procedure 60, Petitioner is not

2  entitled to the exception in Federal Rule of Appellate Procedure 4(a)(4) when calculating the

3  time to file a notice of appeal because he did not file the Rule 60 motion within 28 days after the

4  entry of the judgment.

5    Therefore, Petitioner had to file his notice of appeal by depositing it in the institution's

6  internal mail system within 30 days after entry of judgment.  <u>See</u> Federal Rule of Appellate

7  Procedure 4(a)(1)(A).  However, Petitioner did not mail his notice of appeal until April 16, 2015,

8  which was well beyond the 30 day requirement for filing a notice of appeal.

9
10  **B. Motion for Extension of Time Pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure**

11    Petitioner requests an extension of time to file his notice of appeal.  Federal Rule of

12  Appellate Procedure 4(a)(5) provides that:

13     **(A)** The district court may extend the time to file a notice of appeal if:

14     **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

15     **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party

16     shows excusable neglect or good cause.

17     **(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires

18     otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in

19     accordance with local rules.

20     **(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order

21     granting the motion is entered, whichever is later.

22

23    Petitioner argues that he should receive an extension of time to file his notice of appeal

24  because the Magistrate Judge did not have proper jurisdiction to enter the order denying the

25  petition and he was confused by the findings and recommendation that was entered in error in

26  this case on December 8, 2014.

27    As the Court stated above, Petitioner had to file his notice of appeal by depositing it in

28  the institution's mail system within 30 days after entry of judgment.  <u>See</u> Federal Rule of

1   Appellate Procedure 4(a)(1)(A).  As Judgment was entered on January 29, 2015, Petitioner had

2   to mail his notice of appeal by March 2, 2015.  Therefore, Petitioner had to file his motion to

3   extend the time to file a notice of appeal within thirty days of March 2, 2015, which was April 1,

4   2015.  However, Petitioner did not mail his notice of appeal and motion to extend the time to file

5   the notice of appeal until April 16, 2015.  (ECF No. 34).  Therefore, he did not comply with the

6   requirement of Federal Rule of Appellate Procedure 4(a)(5)(A)(i), and his motion to extend the

7   time to file a notice of appeal must be denied.[2]

8   **C. Motion to Reopen the Time to File an Appeal Pursuant to Rule 4(a)(6) of the**
       **Federal Rules of Appellate Procedure**

9

10   Petitioner does not specifically argue that he is entitled to reopen the time to file an

11   appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).  However, to the extent that the

12   instant motion should be construed as a motion to reopen the time to file an appeal, the Court

13   will address whether Petitioner is entitled to reopen the time to file an appeal pursuant to Federal

14   Rule of Appellate Procedure 4(a)(6), which provides that:

15   > The district court may reopen the time to file an appeal for a period
   > of 14 days after the date when its order to reopen is entered, but
16   > only if all the following conditions are satisfied:

17   > **(A)** the court finds that the moving party did not receive notice
   > under Federal Rule of Civil Procedure 77(d) of the entry of the
18   > judgment or order sought to be appealed within 21 days after entry;

19   > **(B)** the motion is filed within 180 days after the judgment or order
   > is entered or within 14 days after the moving party receives notice
20   > under Federal Rule of Civil Procedure 77(d) of the entry,
   > whichever is earlier; and

21

22   [2] The Court notes that Petitioner appears to still be under the mistaken impression that the Court had to enter a
   findings and recommendation in this matter and then allow for objections to be filed before a District Judge signed
23   the final order denying the petition.  Petitioner believes that the Magistrate Judge should have entered a findings and
   recommendation instead of an order denying the petition in this case.  However, both parties in this case had
24   consented to the jurisdiction of the Magistrate Judge.  When the Court issued an order regarding consent in
   connection with directions to Respondent to respond to the petition, Petitioner returned a signed "Order Re Consent
25   or Request for Reassignment" on July 31, 2014, in which he consented to Magistrate Judge jurisdiction.  (ECF No.
   16).  Respondent consented to Magistrate Judge jurisdiction on July 28, 2014.  (ECF No. 15).  Thus, both parties had
26   consented to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in the case,
   including the entry of final judgment. On October 8, 2014, Judge O'Neill reassigned the case to this Court for all
27   purposes within the meaning of 28 U.S.C. § 636(c) and to conduct any and all further proceedings in the case.  (ECF
   No. 23).  Therefore, the Magistrate Judge had jurisdiction to enter a final order granting or denying the petition, and
   the Magistrate Judge did not have to enter a findings and recommendation in this matter.

28

1        **(C)** the court finds that no party would be prejudiced.

2

3        Petitioner has not stated that he received the judgment or order to be appealed from more

4   than 21 days after entry.  Federal Rule of Appellate Procedure 4(a)(6)(A) is clear that the time

5   for filing an appeal may only be reopened if Petitioner did not receive notice of the entry of the

6   judgment or order sought to be appealed within 21 days after entry.  Therefore, based upon the

7   instant motion, Petitioner is not entitled to reopen the time to file an appeal pursuant to Federal

8   Rule of Appellate Procedure 4(a)(6).

9                                          **III.**

10                                        **ORDER**

11       Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to extend the time to

12  file the notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) is DENIED. To

13  the extent that Petitioner's motion is construed as a motion to reopen the time to file an appeal

14  pursuant to Federal Rule of Appellate Procedure 4(a)(6), it is DENIED.

15
IT IS SO ORDERED.
16

17  Dated:    **June 9, 2015**    _____
                                  UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

6